E-FILED
Thursday, 31 March, 2022 01:27:42 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JAMES LOGAN ATKINSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. 22-cv-1024-MMM** |
| | ) | |
| **JEFF LOWER, _et al._,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>MERIT REVIEW ORDER</u>

Plaintiff, proceeding _pro se_ and detained at the Tazewell County Jail ("Jail"), filed a complaint against Sheriff Jeff Lower, the Tazewell County Sheriff's Department, and the Jail. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. _Turley v. Rednour_, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." _Alexander v. United States_, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." _Wilson v. Ryker_, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting _Ashcroft v. Iqbal_, 556 U.S. 662, 678 (2009)).

### ALLEGATIONS

Plaintiff claims that the Defendants were negligent by failing to prevent the spread of COVID-19 among detainees at the Jail. First, he alleges that he was forced to remain in his cell on January 1, 2022, after his cellmate complained of feeling ill. Plaintiff and his cellmate were tested

for COVID-19 on January 2, 2022, and Plaintiff's cellmate tested positive. Plaintiff, who is at high risk due to asthma, tested negative.

Plaintiff also alleges that "some of us were sick with COVID-19," but staff members failed to check vitals and temperatures and detainees were charged two dollars for Tylenol. Plaintiff does not indicate if he was ill or if he purchased Tylenol.

Next, Plaintiff alleges that staff members violated health and safety laws because they served meals to inmates who were positive for COVID-19 and did not change their gloves before serving inmates who were negative.

Finally, he claims that three inmates who were positive for COVID-19 were moved to the B-Pod, where Plaintiff is housed, and that they were allowed to mingle with other inmates for about thirty minutes.

Plaintiff asks the Court to order staff to undergo more COVID-19 training; award compensation for pain and suffering; and to convert this case to a class action suit.

## ANALYSIS

To establish a constitutional claim Plaintiff, as a pretrial detainee, must successfully plead that the conditions under which he was held were objectively unreasonable, in violation of the Fourteenth Amendment. Although he used a preprinted complaint form and designated his claim as having been filed under § 1983, Plaintiff brings a claim for negligence against the Defendants. Allegations of negligence, however, do not reach the level of a constitutional violation. *See Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk.").

While Plaintiff names Sheriff Jeff Lower and the Tazewell County Sheriff's Department, he does not state if the suit is brought against the Sheriff in his official capacity, individual

capacity, or both nor does he claim that the Sheriff was present or participated in the alleged conduct. Section 1983 does not allow actions against individuals just for their supervisory role of others. Individual liability under § 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (internal quotations and citations omitted). Plaintiff states that the staff at the Jail should receive additional COVID-19 training, but this alone does not establish that the Sheriff failed to train staff, and therefore, no actionable claim has been stated. *See Sanville*, 266 F.3d at 740 (Plaintiff cannot sue the state prison warden merely because "he is responsible for oversight of the prison."). Sheriff Jeff Lower and the Tazewell County Sheriff's Department are DISMISSED, without prejudice.

Plaintiff also names the Jail which is not a "person" amenable to suit under § 1983. *Dye v. Wargo,* 253 F.3d 296, 299 (7th Cir.2001); *see also Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014) ("The 'Sangamon County Jail' is not a 'person' that may be sued under § 1983."); *Wright v. Porter County*, No. 12-493, 2013 WL 1176199, at *2 (N.D. Ind. Mar. 19, 2013) (" the jail… is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations.) The Tazewell County Jail is DISMISSED, with prejudice.

**IT IS THEREFORE ORDERED:**

1.     Plaintiff's complaint is dismissed in its entirety. Plaintiff will have 30 days in which to file an amended complaint. It is to be captioned "Amended Complaint" and is to include all of Plaintiff's claims, without reference to a prior pleading. If Plaintiff repleads, he is to identify those individual persons whom he holds liable for violating his constitutional rights.  The failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2.      The Clerk is directed to enter the standard order GRANTING [3] Plaintiff's *in forma pauperis* petition and assessing an initial partial filing fee, if not already done.

3.      Plaintiff files [4] a motion for recruitment of *pro bono* counsel, but he does not indicate that he attempted to secure counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [4] is DENIED at this time. If Plaintiff renews his motion, he is to provide copies of the letters sent to, and received from, prospective counsel.

ENTERED: 3/31/2022

<u>s/ Michael M. Mihm</u>
Michael M. Mihm
United States District Judge